IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DOUGLAS K. BOULTON, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:18CV-1-TBR |
| v. | ) |
| | ) JURY DEMAND |
| BAPTIST HEALTHCARE SYSTEM, INC. | ) |
| d/b/a BAPTIST HEALTH PADUCAH, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Douglas K. Boulton, Jr., by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2.      Plaintiff Douglas K. Boulton, Jr., is a resident of McCracken County, Kentucky. Mr. Boulton was, at all relevant times, an employee of Defendant Baptist Healthcare System, Inc. d/b/a Baptist Health Paducah.

3.      Defendant Baptist Healthcare System, Inc. is a Kentucky corporation with its principal office at 2701 Eastpoint Parkway, Louisville, KY  40223 doing business as Baptist Health Paducah at a facility located at 2501 Kentucky Avenue, Paducah, KY  42003.  Its

registered agent for service of process is Janet M. Norton, who may be served at Defendant's principal office location at 2701 Eastpoint Parkway, Louisville, KY 40223.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Mr. Boulton's federal claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Boulton's state-law claim pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Boulton in McCracken County, Kentucky, which is located within this judicial district.

6.      Mr. Boulton filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Mr. Boulton received a Notice of Right to Sue from the EEOC with respect to the Americans with Disabilities Act charge set forth below less than ninety days prior to the filing of this Complaint. A copy of Mr. Boulton's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7.      Defendant operates a hospital facility in Paducah, Kentucky.

8.      On or about May 9, 2016, Defendant hired Mr. Boulton to work in its Engineering Department performing maintenance functions.

9.      Mr. Boulton suffered a seizure in on or about February 23, 2017.

10.     After initial treatment in Defendant's Emergency Room, Mr. Boulton saw a doctor on staff with Defendant for follow up.  The doctor advised both Mr. Boulton and his boss that Mr. Boulton needed to take FMLA leave for ninety days to identify the reason for his seizures and to find the right balance of medications.

11.     Mr. Boulton's boss told Mr. Boulton that the situation would be best handled by Mr. Boulton using intermittent leave pursuant to the FMLA so they could pair him with other employees while he was able to work and someone could cover for him when he had to miss work.

12.     Based on Defendant's representation that Mr. Boulton was eligible for such FMLA, Mr. Boulton agreed to this arrangement pending medical approval.

13.     On or about April 5, 2017, Mr. Boulton's doctor approved this intermittent leave arrangement with restrictions barring Mr. Boulton from climbing, from working at heights, and from using sharp tools or equipment.

14.     Mr. Boulton continued to work based on the understanding that he was qualified for intermittent FMLA for medical needs and that his work was subject to the specified restrictions.

15.     Defendant did not abide by Mr. Boulton's medical restrictions, however.

16.     Mr. Boulton's boss assigned him tasks such as washing stairs, which required using powerful equipment while on a ladder, and other tasks that required him to climb up and work from a ladder.  Defendant generally failed to provide a second employee to accompany Mr. Boulton on such tasks.

17.     Mr. Boulton told his boss that he could not continue to work in violation of his medical restrictions but his boss yelled that he must do the jobs, so he did.

18.     Mr. Boulton had at least one episode when he became dizzy and an employee from another shift had him sit until he got better as well as several black outs during which he would have fallen but for his ability to grab onto something for stability.

19.     Mr. Boulton had periodic absences for the effects of his conditions and medical follow ups.

20.     Mr. Boulton soon learned that his boss, contrary to the agreement that Mr. Boulton would work while on intermittent FMLA leave, had assessed attendance occurrences for Mr. Boulton's medical absences.

21.     Mr. Boulton called Defendant's human resources department regarding the issue but human resources denied that he was eligible for FMLA even though Defendant had proposed the arrangement and Mr. Boulton had relied on Defendant's representations in taking time off for medical treatment.

22.     Defendant terminated Mr. Boulton on or about April 25, 2017, allegedly because Mr. Boulton had been observed sleeping on the job.

23.     Mr. Boulton passed out briefly as a result of his known medical conditions on some occasions but he never slept on the job.

24.     Other employees have been found asleep on the job but received only a suspension rather than termination.

25.     Regardless, Mr. Boulton had not accumulated enough occurrence points to justify termination pursuant to Defendant's policies.

26.     Defendant failed to accommodate Mr. Boulton and took adverse actions against him, including termination, because it perceived him as disabled and/or because of his use of FMLA leave.

27.     The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

28.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Plaintiff has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE

29.     Mr. Boulton realleges and incorporates herein the allegations contained in Paragraphs 1 – 28.

30.     Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

31.     Mr. Boulton had medical restrictions he made known to Defendant.

32.     Defendant could have accommodated Mr. Boulton's restrictions but refused or failed to do so.

33.     Defendant's discriminatory actions against Mr. Boulton were willful and knowingly committed.

34.     As a direct and proximate result of Defendant's adverse treatment of Mr. Boulton in violation of the Americans with Disabilities Act, Mr. Boulton was injured and suffered damages.

35.     Mr. Boulton has sustained a loss of back pay, benefits, incidental expenses, and front pay.

36.     Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Boulton's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – REGARDED AS DISABLED

37.     Mr. Boulton realleges and incorporates herein the allegations contained in Paragraphs 1 – 36.

38.     Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

39.     Defendant regarded Mr. Boulton as disabled and, on that basis, treated him differently than other employees even though he was, at all relevant times, physically and mentally capable of performing all essential functions of his job.

40.     Defendant's discriminatory actions against Mr. Boulton were willful and knowingly committed.

41.     As a direct and proximate result of Defendant's adverse treatment of Mr. Boulton in violation of the Americans with Disabilities Act, Mr. Boulton was injured and suffered damages.

42.     Mr. Boulton has sustained a loss of back pay, benefits, incidental expenses, and front pay.

43.     Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Mr. Boulton's federally protected rights,

making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT III

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

44.    Mr. Boulton realleges and incorporates herein the allegations contained in Paragraphs 1 – 43.

45.    Defendant's conduct constitutes an illegal failure to make reasonable accommodation for a disability and/or illegal discrimination on the basis of a perceived disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

46.    As a result of Defendant's conduct, Mr. Boulton suffered damages.

## COUNT IV

### INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

47.    Mr. Boulton realleges and incorporates herein the allegations contained in Paragraphs 1 – 46.

48.    Defendant's actions alleged herein constitute a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

49.    Defendant is estopped from denying Mr. Boulton's eligibility for FMLA leave because of its representation of his eligibility on which Mr. Boulton relied in taking leave.

50.    Defendant's violation of the FMLA was willful and knowingly committed.

51.    As a direct and proximate result of Defendant's violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, Mr. Boulton was injured and suffered damages.

52.    Mr. Boulton has sustained a loss of back pay, benefits, incidental expenses, and front pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.    That Defendant be served and required to answer within the time prescribed by law;

2.    That a jury of eight try this cause;

3.    That, upon the trial of this matter, Mr. Boulton be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions in an amount to be proven at trial;

4.    That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.    That Defendants be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

6.    That the Plaintiff be awarded additional compensatory damages pursuant to Counts I, II, and III, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

7.    That the Plaintiff be awarded liquidated damages equal to the amount of his lost compensation for Count IV pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8.    That costs and discretionary costs be taxed against Defendants;

9.    That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 12205, Ky. Rev. Stat. § 344.450, and 29 U.S.C. § 2617(a)(3);

10.     That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11.     That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12.     For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
                TN BPR # 021714

Boehl, Stopher, & Graves, LLP
410 Broadway
Paducah, KY  42001
Voice: (270) 442-4369
Fax:    (270) 442-4689

wsullenger@bsgpad.com

*Attorney for the Plaintiff,*
*Douglas K. Boulton, Jr.*